UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Samir Nelson, | ) | CASE NO. 1:23 CV 658 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Experion Information Solutions, Inc., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss. (Doc. 4). This case alleges willful violations of the Fair Credit Reporting Act and various state law claims. For the following reasons, the motion is UNOPPOSED AND GRANTED.

**Facts**

Plaintiff Samir Nelson, proceeding *pro se,* filed this Complaint against defendant Experion Information Solutions, Inc. in the Shaker Heights Municipal Court. Defendant removed the case to this Court on the basis of federal question jurisdiction. The Complaint alleges the following. Plaintiff "pulled" his credit report on January 1, 2022, and noticed

1

accounts that did not meet the Fair Credit Reporting Act (FCRA) requirements. Personal information was incorrect and outdated, accounts were incomplete or inaccurate, and information was included without plaintiff's permission. Plaintiff disputed the information with Experion. Plaintiff looked at his consumer report on October 11, 2022, but changes he complained about were not made. As a result, plaintiff has not been able to apply for credit or purchase a home or car. He has suffered economic loss and mental anguish. Plaintiff alleges willful non-compliance under the FCRA, defamation of character, and negligent enablement of ID fraud.

This matter is now before the Court upon defendant's Motion to Dismiss. Plaintiff did not respond to the motion.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not

necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendant argues that the Complaint fails to state a claim upon which relief could be granted. For the following reasons, this Court agrees.

Plaintiff does not state a claim under the FCRA. As recognized by other courts:

Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The statute "does not impose strict liability for incorrect information appearing on an agency's credit reports." *Nelski v. Trans Union*, LLC, 86 F. App'x 840, 844 (6th Cir. 2004). Rather, "[l]iability flows only from a 'failure to follow (1) reasonable procedures (2) to assure maximum possible accuracy of the information (3) concerning the individual about whom the information relates.' " *Id*. (quoting *Bryant v. TRW, Inc*., 689 F.2d 72, 78 (6th Cir. 1982) ). "The exercise of reasonable care is determined by reference to what a reasonably prudent person would do under the circumstances." *Id*.

To state a claim under § 1681e(b), "a plaintiff must prove: (1) the defendant reported

inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Id*. (citation omitted).

*Jae v. ChexSystems, Inc.,* 2018 WL 3368871 (N.D. Ohio July 10, 2018). Plaintiff alleges the willful reporting of incorrect, outdated, or inaccurate information, but fails to allege any supporting facts regarding the information. Nor does plaintiff allege any facts regarding willfulness. Because plaintiff fails to allege facts demonstrating willfulness and particular information reported by defendant that was inaccurate, dismissal is warranted. *Jae v. ChexSystems, Inc.* (Dismissal for failure to state a claim is appropriate where "the complaint ... fails to allege facts sufficient to support any of the elements of a § 1681e(b) claim.")

Plaintiff also alleges that defendant included information on his credit report without his permission. But, plaintiff pleads no facts to establish that defendant furnished his consumer report without a permissible purpose in violation of 15 U.S.C. § 1681b. For the reasons stated by defendant, plaintiff fails to state a claim for violation of the statute. (Doc. 5 at 4-5).

For these reasons, plaintiff's claims under the FCRA are dismissed. Plaintiff's state law claim for defamation is preempted by the FCRA because plaintiff fails to sufficiently plead malice or willful intent to injure. 15 U.S.C. § 1681h(e). To the extent plaintiff alleges negligence, that claim fails for the same reason.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss is unopposed and granted.

IT IS SO ORDERED.

Dated: 5/16/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge